MARJORIE A. HANSEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hansen v. Commissioner
Docket No. 5495-93
United States Tax Court
T.C. Memo 1994-387; 1994 Tax Ct. Memo LEXIS 396; 68 T.C.M. (CCH) 392; 94-2 U.S. Tax Cas. (CCH) P47,949; August 17, 1994, Filed *396 Decision will be entered under Rule 155. For petitioner: Leon Rudloff. For respondent: Emile L. Hebert III. POWELL
POWELL
MEMORANDUM OPINION POWELL, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
By a notice of deficiency issued on December 15, 1992, respondent determined a deficiency in petitioner's 1988 Federal income tax and an addition to tax pursuant to section 6653(a)(1) in the respective amounts of $ 527 and $ 41. Petitioner resided in Baton Rouge, Louisiana, at the time she filed her timely petition. Following concessions, [2] the sole issue is whether petitioner is entitled to a theft loss deduction for stolen jewelry. *397 The facts may be summarized as follows. Petitioner and her spouse, Richard A. Hansen (Richard), lived at 5129 General Meyer Avenue, New Orleans, Louisiana, in April, 1988. On April 25, 1988, they came home from work to find their front door kicked in and their home burglarized. The thieves targeted the couple's bedroom, where petitioner and Richard kept their jewelry. Apparently the thieves selected some items and disregarded the costume jewelry. Petitioner and Richard called the police and reported the crime. On May 16, 1988, Richard submitted a claim to his insurance carrier for his theft loss, and recovered $ 1,685.83, the policy limits, for the incident. He included a list of his stolen property, as well as some items stolen from petitioner, with his claim form. On her separately filed Federal income tax return for taxable year 1988, filed on July 2, 1991, petitioner claimed a theft loss for most of the items on the list submitted to the insurance company. Respondent disallowed the deduction. Section 165 allows as a deduction theft losses sustained during the year not compensated by insurance or otherwise. The amount of the loss to be taken into account is the lesser *398 of either (1) the fair market value of the property immediately before the theft, or (2) the adjusted basis of the property. Secs. 1.165-7 and 1.165-8(c), Income Tax Regs.
Petitioner did not produce receipts for the items reported on her return, but oral testimony established the cost of a few items: Amber stone and chain, $ 50; gold, turquoise, and diamond ring, $ 200; gold treble clef pendant, $ 75; and gold and diamond earrings, $ 200. Petitioner produced receipts for other items of jewelry she now claims were also stolen in the burglary. We are not convinced that these receipted items were stolen. Petitioner notes that four of the items are illegible on the receipts, but she nevertheless claims that, whatever they were, they were stolen. Also, petitioner filed her return over 3 years after the burglary occurred, but the return does not include any of the receipted items among the jewelry listed as stolen. We do not believe that it would take more than 3 years to evaluate the extent of a theft loss, especially when the receipts on hand would facilitate the evaluation. Petitioner presented no evidence on the fair market value of any of the claimed items. Although this Court *399 may estimate the amount of allowable deductions, Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930), we must have some basis for making an estimate. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985); see also Girgis v. Commissioner, T.C. Memo. 1987-556, affd. in part, revd. in part, and remanded 888 F.2d 1386 (4th Cir. 1989). Accordingly, we sustain respondent determination in disallowing petitioner's theft loss deduction. To reflect concessions by respondent, Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent conceded the addition to tax, and also conceded that petitioner suffered a casualty loss of $ 200 for destruction of a refrigerator as claimed on the return.↩